**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INLET HARBOR RECEIVERS, INC.,**

    **Plaintiff,**

-vs-                                                           Case No.  6:08-cv-346-Orl-19DAB

**FIDELITY NATIONAL PROPERTY**
**& CASUALTY INSURANCE COMPANY,**

    **Defendant.**
_____

# ORDER

This case comes before the Court on the Motions of Plaintiff to Strike Defendant's Affirmative Defenses (Doc. Nos. 13, 14, filed Apr. 14, 2008) and the Memorandum of Defendant in Opposition to Plaintiff's Motions to Strike (Doc. No. 15, filed May 1, 2008).

Defendant filed an answer on April 4, 2008, which asserted twenty-three affirmative defenses related to its alleged breach of an insurance contract. (Doc. No. 9.)  Soon after, Plaintiff filed two Motions to strike.  In its first Motion, Plaintiff contends that affirmative defenses one through five, ten through thirteen, sixteen, and twenty-one through twenty three are "clearly not arguments which would defeat the plaintiff's claim, if all allegations in the complaint are true." (Doc. No. 13 at 1-2.) In its second Motion, Plaintiff argues that Defendant's denial of a condition precedent must be pled with greater specificity. (Doc. No. 14 at 1-2.)   In response to Plaintiff's first Motion, Defendant filed a Memorandum arguing that the affirmative defenses were included in an abundance of caution and serve to put the court on notice of potential legal issues. (Doc. No. 15.)  In response to Plaintiff's second Motion, Defendant amended the Answer with Plaintiff's consent to provide a more specific denial of conditions precedent. (Doc. 23-2.)

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing cases). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla 1996).

The Court finds no reason to strike Defendant's affirmative defenses. Defendant points out that at least three other federal district court judges in this state have rejected similar arguments. (*See* Doc. No. 15 at 2 (citing *Qualley v. Am. Bankers Ins. Co. of Fla.*, Case No. 03-20228-CIV-HUCK/TURNOFF, *slip op.* (S.D.Fla. Apr. 16, 2003); *Vanderveen v. Allstate Ins. Co.,* Case No.3:05-cv-469-WS, *slip op.* (N.D. Fla. May 2, 2006); and *Vista Del Mar Condo. Assoc., Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, Case No. 03:06-cv-372/MCR/EMT, *slip op.* (N.D. Fla. July 12, 2007)). The Court agrees with the conclusion in *Qualley*:

> While the Plaintiff may be technically correct that the matters designated in the Defendant's Answer as "Affirmative Defenses" may be statements of the law or similar statements of Defendant's position in defending against Plaintiff's claim, and may not be technically affirmative defenses as contemplated by Rule 8 of the Federal Rules of Civil Procedure, they serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues which Defendant intends to assert against Plaintiff's claims. If and when the case is tried, the Court will appropriately deal with the affirmative defenses. Accordingly, the Court does not believe it is necessary at this time to strike any of the "Affirmative Defenses" and the Motion is DENIED.

*Qually*, slip op. at 1. [1]

Based on the foregoing, the Motion of the Plaintiff to Strike Defendant's Affirmative Defenses is **DENIED** (Doc. No. 13). The Motion of Plaintiff to Strike Defendant's General Denial of Conditions Precedent (Doc. No. 14) is **DENIED as moot** by virtue of the later filed Consent Motion for Leave to File an Amended Answer (Doc. No. 23), the Order Granting Leave to File an Amended Answer (Doc. No. 24), and the Amended Answer (Doc. No. 23-2).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 6, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[1] In addition, Plaintiff offers only one sentence in support of its argument that fourteen of Defendant's affirmative defenses are legally insufficient: "The Defendants [sic] . . . asserted affirmative defenses are clearly not arguments which would defeat the plaintiff's claim, if all allegations in the complaint are true." (Doc. No. 13 at 1.) It is not the Court's role to formulate legal arguments for the plaintiff. A request to strike legally insufficient portions of a pleading will not be granted in the absence of a supporting argument and citation to controlling law.